IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 18, 2010

## JAMES TAYLOR v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2002-B-713     Cheryl Blackburn, Judge**

_____

**No. M2009-02248-CCA-R3-PC - Filed March 7, 2011**

_____

The petitioner, James Taylor, appeals the Davidson County Criminal Court's denial of his petition for post-conviction relief from his convictions for first degree felony murder and especially aggravated robbery and resulting sentences of life and forty years, respectively. On appeal, the petitioner contends that he received the ineffective assistance of counsel. Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

James O. Martin, III (on appeal), and David Wicker (at trial), Nashville, Tennessee, for the appellant, James Taylor.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

We glean the following relevant facts from our supreme court's opinion in the petitioner's direct appeal:  On July 13, 2001, the petitioner and his cousin, Sabrina Lewis, robbed the Always Antiques store in Madison, Tennessee.  State v. Taylor, 240 S.W.3d 789, 791 (Tenn. 2007).  During the robbery, one of the store's owners, Gary Finchum, was shot

twice. Id. at 793. He later died at a hospital. Id. at 792. The petitioner and Lewis were arrested and charged with first degree felony murder and especially aggravated robbery and tried separately. During the petitioner's trial, Mary Ann Fisher testified that she was stopped at a traffic light outside Always Antiques on the day of the robbery and saw an African-American man come out of the store. Id. at 791. She described the man as six feet tall and skinny, identified the petitioner's photograph from photograph arrays, and identified the petitioner at trial as the man she saw that day. Id. at 791-92. Melvin Harding, the petitioner's cellmate at the Davidson County Jail, testified that the petitioner confessed to him about committing the crimes. Id. at 793. In an attempt to record the petitioner's confession, the police moved the petitioner and Harding into a holding cell monitored by audio and video recording equipment. Id. Harding attempted to get the petitioner to talk about the crimes, but the petitioner was suspicious and refused. Id. The State played the videotape of the petitioner and Harding in the holding cell for the jury. Id. Although no physical evidence linked the petitioner to the crimes, the jury convicted him of the charged offenses. Id. at 794. After a sentencing hearing, the trial court sentenced him to consecutive sentences of life and forty years, respectively. Id. On direct appeal, this court affirmed the petitioner's convictions. See State v. James Edward Taylor, No. M2005-01060-CCA-R3-CD, 2006 Tenn. Crim. App. LEXIS 814, at *42 (Nashville, Oct. 13, 2006). Following discretionary review, our supreme court affirmed this court's ruling. Taylor, 240 S.W.3d at 802.

The petitioner timely filed a petition for post-conviction relief, claiming that he received the ineffective assistance of counsel. The post-conviction court appointed counsel, and counsel filed an amended petition. In the amended petition, the petitioner argued, in relevant part, that he received the ineffective assistance of counsel on direct appeal because counsel failed to provide an adequate record for this court and the supreme court to review an issue regarding the audio and video recordings of the petitioner and Melvin Harding in the holding cell.

At the post-conviction evidentiary hearing, counsel testified that he represented the petitioner at trial and on appeal. At the time of the evidentiary hearing, counsel had been practicing law for almost fifteen years. He had practiced criminal defense law exclusively and had represented defendants in first degree murder trials prior to the petitioner's trial. Counsel gave copies of items turned over during discovery to the petitioner. The petitioner could not read or write, and counsel had a difficult time making the petitioner understand some things. The petitioner claimed he did not commit the crimes, and no DNA or fingerprint evidence linked him to Always Antiques. However, the petitioner never suggested a defense or gave counsel the names of alibi witnesses. At trial, a woman named Mary Ann Fisher testified that she saw the petitioner run out of the antiques store, and the petitioner's jail cellmate testified that the petitioner admitted robbing and killing Gary

-2-

Finchum. Counsel acknowledged that he raised an issue regarding audio and video recordings of the petitioner talking with Melvin Harding in the holding cell. Counsel also acknowledged that although he failed to include the audiotape in the appellate record on direct appeal, our supreme court concluded that the trial court did not err by allowing the State to play the videotape for the jury.

On cross-examination, counsel testified that the petitioner had difficulty understanding him but was competent. Regarding the issue about the audio and video recordings, counsel explained,

> I had neglected to have sent up there the audio version of the videotape. And I had made the argument to Judge Blackburn that the State had an adequate substitute in the case, which would have been an audio version of the videotape that they had staged. And that way the jury would avoid seeing Mr. Taylor in his jailhouse uniform. And I admit that I made an error. I didn't request in my designation of the record that it include the audio taped version. . . . But my argument was that the State had an adequate substitute without presenting the video version of it. . . . And so I stood admonished over that.

The petitioner testified that counsel was appointed to represent him and that he and counsel "didn't have much communication at all." They met less than five times before trial to discuss the case. The petitioner said that he did not understand the trial process and that "a lot of issues not raised at the trial . . . should have been raised." After the trial, counsel did not meet with the petitioner to discuss the appeal. The petitioner said that counsel sent letters to him and that "I had to write to him, you know, and ask questions." At some point, the petitioner wrote a letter to the Board of Professional Responsibility, complaining about counsel. He said he did not think counsel represented him adequately.

On cross-examination, the petitioner acknowledged that counsel gave him discovery and that he had been able to correspond with counsel and express concerns. He said that he told counsel "something" about a theory of defense but that he could no longer remember what it was. He said that Mary Ann Fisher had identified him as six feet tall, which was incorrect, and that counsel did not cross-examine her about her identification. The petitioner said he did not commit the crimes.

The post-conviction court denied the petition for post-conviction relief. The petitioner timely appealed to this court.

## II. Analysis

The petitioner contends that he received the ineffective assistance of counsel on appeal because counsel failed to include in the direct appeal record the audiotape of the petitioner's conversation with Melvin Harding, which precluded this court and our supreme court from reviewing an issue regarding the tape. The State argues that the petitioner has failed to show prejudice. We agree with the State.

To be successful in a claim for post-conviction relief, a petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, the post-conviction court's findings of fact are entitled to substantial deference on appeal unless the evidence preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields, 40 S.W.3d at 458. However, we will review the post-conviction court's conclusions of law purely de novo. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Further,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a

sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697).

Initially, we note that the petitioner argues we should remand this case to the post-conviction court in order for the court to make findings on the record regarding this issue. We agree that the trial court did not make specific findings regarding this issue in its order denying relief. Nevertheless, we can conclude that the issue does not merit post-conviction relief.

On direct appeal to this court, the petitioner claimed that the trial court erred by allowing the State to introduce his videotaped conversation with Melvin Harding into evidence. Taylor, No. M2005-01060-CCA-R3-CD, 2006 Tenn. Crim. App. LEXIS 814, at **21-22. The petitioner argued that the videotape was highly prejudicial and violated his right to due process because it showed him incarcerated and wearing jail attire. Id. at *22. The petitioner also claimed that the State's use of the videotape was unnecessary because an audiotape of the conversation was available and could have provided the jury with the same information without the prejudicial effect. Id. This court noted that the petitioner failed to include the audiotape in the record on appeal and, therefore, concluded that we could not determine whether the audiotape would have been the preferable evidence. Id. at *25. However, we also stated that because the videotape was only seven minutes in length and because Harding had already testified without objection that his conversation with the petitioner occurred in jail, we could not say the trial court abused its discretion by admitting the videotape into evidence. Id. at *26. Our supreme court also concluded that the issue of whether the audiotape should have been admitted into evidence instead of the videotape was waived because the audiotape was not in the appellate record. Taylor, 240 S.W.3d at 795. Moreover, like this court, the supreme court concluded that the trial court did not abuse its discretion by admitting the videotape into evidence. Id. at *796.

As this court has repeatedly stated, failure to provide an adequate record on appeal as required by Tennessee Rule of Appellate Procedure 24(b) results in waiver of an issue. Therefore, counsel's failure to include the audiotape in the direct appeal record resulted in deficient performance. However, the petitioner has failed to show he was prejudiced by the deficiency. Neither the videotape nor the audiotape of the petitioner's and Harding's conversation has been included in the record before us, which again precludes our ability to determine whether the audiotape should have been admitted into evidence instead of the videotape. In any event, both this court and our supreme court concluded that the trial court

did not abuse its discretion by allowing the State to play the videotape for the jury. Therefore, the petitioner is not entitled to post-conviction relief.

### III.  Conclusion

Based upon the record and the parties' briefs, we conclude that the post-conviction court properly denied the petition for post-conviction relief.

_____
NORMA McGEE OGLE, JUDGE